J-S14012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOVELLE KINON WEAVER | : | |
| | : | |
| Appellant | : | No. 1 MDA 2021 |

Appeal from the PCRA Order Entered December 7, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000741-2016

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:          **FILED: JUNE 8, 2021**

Lovelle Kinon Weaver appeals from the order dismissing his petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. without a hearing. We affirm.

The following facts are pertinent to our review of Appellant's PCRA claims. On October 7, 2015, an argument erupted between two individuals in front of a busy church near the intersection of Strawberry and Chester Streets in Lancaster City, Pennsylvania. *See* N.T. Jury Trial, 12/6/16, at 98-102. Appellant was convicted of aggravated assault and firearms violations for chasing and firing upon Dwain London with a .22 caliber firearm. He was also convicted of multiple counts of recklessly endangering another person ("REAP") for placing several persons, including Walter Garner, in danger of serious bodily injury.

Mr. Garner testified at trial that he was in his house on Chester Street when he "heard a lot of noise down on Strawberry and Chester Street, at the corner." *Id*. at 114-16. He "looked out the window and [he saw] a lot of people." A "slim [b]lack guy" . . . "dressed in white" was chasing "a man in dark clothing." *Id*. at 117-18. Mr. Garner then heard gunshots, some of which hit his house and caused him to duck down under the window until the shots ceased. *Id*. at 119-20. Mr. Garner stated he could not get a good view of the shooter from his living room window because the individual was running too fast. *Id*. at 117. On cross-examination, defense counsel highlighted the fact that Mr. Garner took cover below the window until the shots ceased. *Id*. at 129-30. Mr. Garner did not make an in-court identification of Appellant as the shooter.

Reverend Wayne Scott testified he was officiating a funeral for Jared Weaver at a church on the corner of Strawberry and Chester Streets the morning of the aforementioned incident. *Id*. at 147-48. As the hearse in which he was riding left the church, Reverend Scott observed a large crowd gathered outside of the church and a fight between a man and a woman within the crowd. *Id*. at 149. As he jumped out of the hearse to break up the fight, he saw "someone . . . running out of the crowd shooting." *Id*. at 150-51. As the shooter ran past him, Reverend Scott recognized the shooter as a family member of the deceased whom he had met at a meeting prior to the funeral,

but he could not identify the shooter by name. *Id*. at 152, 154-55. During the trial, Reverend Scott did not identify Appellant as the shooter.

Following a jury trial, Appellant was convicted of five counts of REAP and one count each of aggravated assault, firearms not to be carried without a license, and discharge of firearm into an occupied structure. Following a bench trial on the charge of persons not to possess firearms, Appellant was found guilty. After reviewing a presentence investigation report ("PSI"), the trial court sentenced Appellant to an aggregate term of eighteen to forty-four years of incarceration.

Appellant filed a timely post-sentence motion, which was denied by the court. Appellant subsequently filed a notice of appeal to this Court. We affirmed the judgment of sentence of the lower court. ***Commonwealth v. Weaver***, 200 A.3d 608 (Pa.Super. 2018) (unpublished memorandum). Appellant filed a timely *pro se* PCRA petition and counsel was appointed. Counsel filed an amended PCRA petition alleging that trial counsel was ineffective for failing to elicit testimony from two Commonwealth witnesses, Mr. Garner and Reverend Scott, that would have then warranted a ***Kloiber*[1]** instruction to the jury. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. When no response was

---

[1] ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954).

filed, the PCRA court dismissed Appellant's PCRA petition. Appellant appealed and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents one question for our review:

Did the [trial] [c]ourt err by dismissing [Appellant's] PCRA without a hearing where [A]ppellant claimed trial counsel was ineffective for failing to present certain evidence, that, had the evidence been presented, would have warranted a **Kloiber** charge.

Appellant's brief at 6.

We begin with a discussion of the relevant legal principles. Our standard of review for an appeal from a denial of a PCRA petition "is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Mojica**, 242 A.3d 949, 953 (Pa.Super. 2020) (citing **Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa.Super. 2018)). "[W]e consider the record in the light most favorable to the prevailing party at the PCRA level." **Id**. "We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions." **Id**. "[W]here the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary." **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018) (citation omitted).

Appellant's claim is one of ineffective assistance of counsel. In order to prevail on such a claim, a "petitioner must plead and prove: (1) that the

underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1271-72 (Pa.Super. 2010). When this Court is analyzing ineffective assistance of counsel claims, "[c]ounsel is presumed effective and will only be deemed ineffective if the petitioner demonstrates that counsel's performance was deficient and he was prejudiced by that deficient performance." ***Commonwealth v. Ford***, 44 A.3d 1190, 1194-95 (Pa.Super. 2012) (citing ***Burkett***, ***supra*** at 1271-72). "[A] failure to meet any of the prongs bars relief." ***Commonwealth v. Sneed***, 45 A.3d 1096, 1106 (Pa. 2012). This Court has held "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043-44 (Pa.Super. 2019) (citation omitted, brackets in original).

Appellant claims that counsel was ineffective in failing to elicit certain testimony from Mr. Garner and Reverend Scott that would have laid the foundation for a ***Kloiber*** instruction. Specifically, he claims that if counsel had brought out unspecified inconsistencies in Mr. Garner's trial testimony and his earlier statements to police, as well as Reverend Scott's prior failure to identify Appellant as the perpetrator in the police photographic array, he would have been entitled to the instruction. Appellant claims further that the trial court erred in dismissing his petition without an evidentiary hearing that would

- 5 -

have allowed him to establish facts in support of the foregoing claims. *See* Appellant's brief at 8-9.

"A *Kloiber* charge instructs the jury that an eyewitness's identification should be viewed with caution where the witness: (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past." *Commonwealth v. Upshur*, 764 A.2d 69, 77 (Pa.Super. 2000). This Court "evaluate[s] whether a *Kloiber* instruction is necessary under an abuse of discretion standard." *Commonwealth v. Sanders*, 42 A.3d 325, 332-33 (Pa.Super. 2012) (citing *Commonwealth v. Jones*, 954 A.2d 1194, 1198 (Pa.Super. 2008)).

In his amended PCRA petition, Appellant alleged that defense counsel failed to

> elicit testimony tending to show that Walter Garner's testimony was inconsistent with his prior statements to police and failed to elicit testimony tending to show that Walter Garner did not have an opportunity to clearly view the perpetrator at the time of the incident. In turn, after failing to elicit said testimony, Attorney Kaye failed to request the trial court provide a *Kloiber* instruction to the jury regarding Garner's testimony.

Amended PCRA Petition, 2/7/20, at 2 ¶ 14(a). In addition, he pled that counsel failed to elicit testimony that Reverend Scott could not identify Appellant from a photographic line-up as the perpetrator prior to trial. *Id*. at 2 ¶14(b). He asked for an evidentiary hearing at which he and Attorney Kaye would testify to prove these factual averments. *Id*. at 3 ¶¶ 16-18.

- 6 -

Preliminarily, we address Appellant's claim that the PCRA court erred in dismissing his petition without an evidentiary hearing. Pursuant to Pa.R.Crim.P. 907, the PCRA court may deny PCRA relief without a hearing if it "is satisfied . . . that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa.R.Crim.P. 907. On appeal, this Court must examine the issues raised in the petition to determine whether the PCRA court erred in that determination. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted).

The PCRA court held that Appellant's amended PCRA petition failed to set forth an issue of material fact that would warrant an evidentiary hearing. *See* PCRA Opinion, 10/27/20, at 10. We agree. Appellant's amended petition did not set forth facts that if substantiated at a hearing would have entitled him to relief. Any alleged inconsistencies in Mr. Garner's testimony and the fact that Reverend Scott could not identify Appellant from a photographic array, if elicited at trial, would not have changed the fact that they did not offer identification testimony at trial. As the PCRA court correctly stated, "[a] *Kloiber* instruction is not required when a trial witness does not identify the defendant in court." *Id*. at 6 (citing *Sanders*, *supra* at 335 and *Commonwealth v. Colon*, 230 A.3d 368, 376 (Pa.Super. 2020)). We find

no abuse of discretion in the trial court's decision not to order an evidentiary hearing.

Appellant argues further that the PCRA court misapplied *Sanders*, and that an in-court identification is not a prerequisite for a *Kloiber* instruction. Appellant's brief at 11-12. Rather, Appellant states that, according to *Sanders*, a cautionary instruction is warranted when "any positive evidence of identity" is revealed during testimony. *Id*. at 12-13. He argues that both Mr. Garner and Reverend Scott offered identification evidence. *Id*. They offered evidence that the perpetrator was a tall, thin, black man and the brother of Jared Weaver and that Appellant met both the physical description and was Jared's brother. Under these circumstances, he maintains that counsel was ineffective for not requesting a *Kloiber* instruction.

Appellant's reliance upon *Sanders* is misplaced. In that case, a detective testified that the shooting victim, presented with a photographic array as he was being prepped for surgery, pointed to appellant as his shooter but was too weak to sign his name. However, the victim did later sign a written statement indicating that appellant was his assailant. Thus, there was substantive evidence admitted at trial that the victim identified the appellant as his assailant prior to trial. At trial, however, the victim did not identify the appellant and stated that he could not recall making a prior identification. Appellant requested a *Kloiber* instruction, but the court denied the request.

On appeal, the appellant claimed that the court abused its discretion in refusing a **Kloiber** instruction. He argued that recantation was the most equivocal form of identification testimony. We characterized the issue as whether **Kloiber** was implicated "where witnesses make out-of-court identifications but subsequently refuse to make an in-court identification." **Sanders**, **supra** at 333. While we agreed that the victim's trial testimony did "present an example of equivocation," we noted that it is "**in-court identification** evidence [that] must be received with caution if the witness in his testimony or at prior times was not positive as to the identity of the defendant." **Id**. at 334 (emphasis in original). However, we held therein that, "[u]nlike the typical **Kloiber** situation, where there is a damaging in-court identification of the accused, the same type of concerns are not present where a witness declines to identify the defendant in court." **Sanders**, **supra**.

The facts in **Colon**, **supra**, are quite similar to the facts herein. In that case, a witness could not identify the appellant at a photo array or at a line-up. Consequently, the Commonwealth's attorney did not ask her to identify the perpetrator in court. The appellant alleged that, on these facts, counsel was ineffective for failing to object when the court refused to give a **Kloiber** instruction. We relied upon **Sanders** for the proposition that "when a witness does not identify the defendant in court or declines to identify the defendant in court, a **Kloiber** instruction is not required. **Sanders**, **supra** at 335. Thus, the court was not obligated to give such an instruction, and the appellant

failed to establish that the underlying claim was of arguable merit. Hence, the appellant could not establish that trial counsel was ineffective for not requesting a charge to which he was not entitled.

After a thorough review of the record, we agree with the trial court's reasoning as to why Appellant was not entitled to a **Kloiber** instruction. Contrary to Appellant's contention, the testimony of Mr. Garner and Reverend Scott was not in-court identification testimony. Mr. Garner testified that he saw a "slim [black] guy" who was "dressed in white" chasing a person dressed in black clothing down the street, but that "[h]e was running, running so fast that . . . you couldn't hardly make him out." N.T. Jury Trial, 12/6/16, at 117-18. Similarly, Reverend Scott testified the shooter ran past him and he described him as being "tall [and] slim." **Id**. at 154. Reverend Scott also testified that he recognized this individual as "one of the brothers" of the deceased, Jared Weaver, but that he did not know his name. **Id**. at 152-55. Significantly, at no point during the trial did Mr. Garner or Reverend Scott positively identify Appellant as the shooter. This fact was further reinforced by defense counsel's statement in support of his motion for judgment of acquittal, that "[t]here's no one who came into the courtroom, pointed at the defendant and said that he had a gun." **Id**. at 236. Thus, Appellant's claim that trial counsel was ineffective due to his failure to request a **Kloiber**

instruction had no arguable merit because the circumstances that warrant a

*Kloiber* charge were not present here.[23]

For the foregoing reasons, we find no abuse of discretion in the PCRA

court's dismissal of Appellant's PCRA petition without an evidentiary hearing.

_____

[2] In addition, Appellant's defense at trial was that he was not the perpetrator. Defense counsel utilized the cross-examination of Mr. Garner and Reverend Scott to emphasize that these witnesses did not get a clear view and could not identify Appellant as the perpetrator. During the cross-examination of Mr. Garner, trial counsel reminded the jury that Mr. Garner ducked down under the window after the first shot was fired and remained in that position until the shooting had ceased. N.T. Jury Trial, 12/6/16, at 129-130. Trial counsel recalled Mr. Garner's testimony that he was not able to get a good view of the shooter, as the shooter was running too fast. *Id*. at 129-131. During the cross-examination of Reverend Scott, defense counsel highlighted the fact that the shooter was in the midst of a large gathering of people. *Id*. at 128-29. Counsel argued in closing that the testimony and video evidence presented during the trial were insufficient to identify Appellant as the shooter. *Id*. at 248-56. The trial court found that counsel's decision not to explore the inability of these witnesses to identify Appellant from the photo array prior to trial was a reasonable strategy on counsel's part, calculated to avoid the risk of one of the witnesses making an in-court identification of Appellant as the shooter. *See* PCRA Opinion, 10/27/20, at 6-7. Our review of the record supports the trial court's view of counsel's strategy, and that was a reasonable strategy. Hence, Appellant did not establish the second prong of the ineffectiveness test.

[3] In addition, Appellant was identified by Detective Eric McGrady through video surveillance footage of the incident. "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Commonwealth v. Burkett*, 5 A.3d 1260, 1271-72 (Pa.Super. 2010). Detective McGrady testified he watched the footage and recognized the shooter from a Facebook page for "Lovey White," and he compared pictures on that page to confirm the shooter's identity as Appellant. N.T. Jury Trial, 12/6/16, at 207-09. The jury was shown the video footage. Following our review of the certified record, we find no reasonable probability that a *Kloiber* instruction would have changed the verdict, and hence, no requisite showing of prejudice for purposes of satisfying the third prong of the ineffectiveness test.

Furthermore, having concluded that even if counsel elicited testimony regarding the witnesses' inability to identify Appellant prior to trial, he would not have been entitled to a **Kloiber** instruction, we find no abuse of discretion on the part of the trial court in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2021